Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.stillmanlegalpc.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------ X

PAULO DA SILVA, *individually*
*and on behalf of others similarly*
*situated,*

                Plaintiffs,

          v.

MEATS AND GREENS MARKET LLC,
CARMEN MONTALVO and
MAURO ORDONEZ,

              Defendants,

------------------------------------------ X

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE**
**ACTION & F.R.C.P. 23  CLASS**
**ACTION**

**COMPLAINT**

      Plaintiff PAULO DA SILVA (hereafter referred to as "Plaintiff"), along with other

former employees with various roles such as butchers and food preparation workers,

bring this Action on behalf of themselves and other similarly situated employees of

Defendants MEATS AND GREENS MARKET LLC, CARMEN MONTALVO, and

MAURO ORDONEZ (collectively, the "Defendants") pursuant to the Fair Labor

Standards Act ("FLSA"), 29 USC §§ 201 et seq. and the New Jersey State Wage and

Hour Law, NJSA §34:11-56 et seq ("NJWHL"), and alleges as follows:

**INTRODUCTION**

      1.     This action is brought by Plaintiff, on behalf of himself as well as other

employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      This Complaint seeks to recover unpaid minimum wages and overtime compensation for Plaintiff.

3.      The Plaintiff was employed by Defendant MEATS AND GREENS MARKET LLC, a New Jersey Corporation with headquarters at 4000 Route 130 Ste 17, Delran, NJ 08075, and its principals, Defendants CARMEN MONTALVO and MAURO ORDONEZ, who jointly employed and exercised direct control over the Plaintiff as a butcher at their retail meat and grocery business in New Jersey.

4.      The Plaintiff was paid $8.00, $8.67 and $12.00 per hour from January 20, 2020, until May 14, 2025, which were significantly below the applicable New Jersey minimum wage requirements ($11.00 in 2020, $12.00 in 2021, $13.00 in 2022, $14.13 in 2023, $15.13 in 2024-2025). Despite consistently working approximately seventy-five (75) hours per week, the Plaintiff was not paid either the required minimum wage or overtime compensation at one and one-half times the regular rate for hours worked over forty (40) per week, resulting in substantial unpaid wages.

5.      At all times relevant to this Complaint, Defendants willfully and intentionally maintained a policy and practice of requiring the Plaintiff and the FLSA collective employees to work more than 40 hours per week without providing them with any additional compensation.

6.      Upon information and belief, Defendants have willfully and intentionally

2

committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

7.      Defendants willfully and intentionally refused to record all of the time that Plaintiff and similarly situated individuals employed by the Corporate Defendant worked, including the work performed in excess of forty hours each week.

8.      Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, unpaid overtime wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., and the NJWHL, NJSA §34:11-56 et seq.

9.      The Plaintiff, in accordance with the FLSA and NJWHL, asserts his right to recover from the Defendants: (1) unpaid overtime wages, calculated at one-and-a-half times the regular pay rate for each hour worked over forty in a workweek, (2) unpaid minimum wages, as set by federal and state law, (3) liquidated damages equal to 200% of the amount of unpaid wages, as provided by the FLSA and NJWHL for willful violations, (4) prejudgment interest on the unpaid wages, calculated from the date each wage payment was due until the date of judgment, (5) post-judgment interest, and (6) reasonable attorneys' fees and costs, as provided by both statutes.

10.     By reason of such willful violations Plaintiff asserts he is entitled to recover from the Defendants (1) unpaid overtime wages, (2) unpaid minimum wage, (3) liquidated damages, (4) prejudgment, and post-judgment interest; and/or (5) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

## JURISDICTION AND VENUE

11.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C.§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

12.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

### Plaintiff

13.     Plaintiff PAULO DA SILVA is and was at all times relevant hereto an individual residing in New Jersey, where he has maintained continuous residence throughout his employment with Defendants.

14.     Plaintiff PAULO DA SILVA was employed by Defendant MEATS AND GREENS MARKET LLC at its business located at 4000 Route 130 Ste 17, Delran, NJ 08075, in the position of butcher from January 20, 2020, until May 14, 2025. During the hiring process, DA SILVA was interviewed and given a verbal job offer by Defendants CARMEN MONTALVO and MAURO ORDONEZ, without any written employment agreement or wage notices as required by N.J.A.C. 12:56-1.1 et seq. and N.J.S.A. 34:11-56a4, constituting separate violations of New Jersey wage and hour laws. As a butcher, DA SILVA followed work schedules established by MONTALVO and ORDONEZ, received daily instructions from them regarding his duties, performed tasks at their direction, and was subject to their disciplinary authority and control over all aspects of his employment, including work methods, quality standards, scheduling, and payment practices, establishing their status as employers under the economic reality test.

4

15.     At all times relevant hereto, Plaintiff DA SILVA was a covered employee within the meaning of the FLSA and the NJWHL.

**Defendants**

16.     Defendant MEATS AND GREENS MARKET LLC is a duly organized business corporation under the laws of the State of New Jersey, with a principal place of business at 4000 Route 130 Ste 17, Delran, NJ 08075, and is subject to personal jurisdiction in New Jersey, as per the available information and belief.

17.     Upon information and belief, Defendant MEATS AND GREENS MARKET LLC is engaged in interstate commerce, as evidenced by its regular receipt and sale of meat and food products transported across state lines, and generates annual gross revenues substantially in excess of $500,000, independent of excise taxes, for each year relevant to Plaintiff's claims.

18.     Based on the available information and belief, Defendants CARMEN MONTALVO and MAURO ORDONEZ serve as a principal and/or officer of Defendant MEATS AND GREENS MARKET LLC.

19.     Upon information and belief, and at all times relevant to the claims herein, Defendants CARMEN MONTALVO and MAURO ORDONEZ: (i) exercised direct operational control as owners and managers, were known as and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant MEATS AND GREENS MARKET LLC; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff, which can be substantiated by pay stubs, corporate documents, or Plaintiff's bank records reflecting wages from Defendants; (iii) established work schedules and workload of the employees, (iv) maintained employee records, and

had the authority to hire and fire employees, as proven by employment contracts, termination letters, or testimonies from Plaintiffs or other employees about hiring or firing incidents.

20.    In fact, Defendants CARMEN MONTALVO and MAURO ORDONEZ willfully hired Plaintiff, determined his work assignments, workload, and schedule, and calculated his pay, rate of pay, and hours worked.

21.    Defendants CARMEN MONTALVO and MAURO ORDONEZ acted intentionally and maliciously and are employers pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

22.    Plaintiff brings this action individually and on behalf of all other current and former non-exempt butchers and similar food preparation workers who have been or were employed by the Defendants within the last three (3) years through the entry of judgment in this case (the "Collective Action Period"), or within six (6) years for willful violations as permitted under the FLSA. These individuals were employed by the Defendants during the six (6) years preceding the filing of this Complaint through the entry of judgment in this case for NJWHL claims, while FLSA claims are limited to three (3) years for willful violations. These individuals, referred to as the "Collective Action Members", have been systematically denied proper compensation through Defendants' uniform policies and practices of: (1) failing to pay minimum wage as required by NJSA §34:11-56a4, (2) failing to pay overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) hours per week in violation of 29 U.S.C. §207(a)(1) and NJSA §34:11-56a4, (3)

6

failing to maintain accurate time and payroll records as required by 29 C.F.R. §516.2 and NJSA §34:11-56a20, and (4) failing to provide required wage statements and notices under New Jersey law.

23.    With respect to his NJWHL claims, Plaintiff asserts the same pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

24.    All said persons, including the plaintiff, are referred to herein as the "Class."

25.    The Class members, numbers, and identities are readily ascertainable from Defendants' employment, payroll, time, and scheduling records, as well as other business records that Defendants are required to maintain under the FLSA, 29 C.F.R. § 516, and NJWHL. The hours assigned and worked, positions held, and rates of pay for each Class Member can be determined from these mandatory records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P

*Numerosity*

26.    The proposed Class is so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class

*Commonality*

27.     There are questions of law and fact common to the Class which dominates over any questions affecting only individual class members, including:

    a.    Whether Defendant employed the Plaintiff and the Class within the meaning of both the FLSA and NJWHL, particularly regarding their economic dependency on the Defendants and the Defendants' exercise of control over working conditions;

    b.    Whether the Plaintiff and Class members were denied their legally mandated minimum wage and overtime compensation under both the NJWHL and FLSA, including all hours worked, proper overtime calculations, and mandatory minimum wage increases during the relevant period;

    c.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

    d.    At what common rate, or rates subject to the common method of calculation, including mandatory minimum wage increases and overtime premiums, were Defendants required to pay the Class members for their work under both state and federal law;

***Typicality***

28.     The claims raised by the plaintiff are representative of the issues faced by all class members, and the relief sought by the plaintiff mirrors what other class members would seek in individual actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and maintain required employment records. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

29.      Plaintiff is able to fairly and adequately protect the interests of the Class, has suffered the same injuries as other Class members, and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in successfully prosecuting both class action and wage and hour employment litigation cases.

*Superiority*

30.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members, many of whom are vulnerable immigrant workers with limited English proficiency and limited resources, lack the financial means, knowledge of their rights, and ability to individually prosecute claims against corporate defendants without fear of retaliation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The

prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

31.     Upon information and belief, Defendants and other employers throughout the state systematically violate the NJWHL and FLSA.  Current employees, particularly vulnerable immigrant workers, are often afraid to assert their rights out of fear of direct or indirect retaliation, including immigration-related threats.  Former employees are fearful of bringing claims because doing so can harm their future employment prospects, and both current and former employees are protected from retaliation under NJSA §34:11-56a24 and 29 U.S.C. §215(a)(3) for asserting their rights under wage and hour laws. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32.     Plaintiff consents to be named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

## COMMON FACTUAL ALLEGATIONS
### Defendants Constitute Joint Employers

33.     Defendants owned, operated, and managed MEATS AND GREENS MARKET LLC, a corporate entity principally engaged in the retail food and butcher

services industry. At all relevant times, Defendants MEATS AND GREENS MARKET LLC, CARMEN MONTALVO, and MAURO ORDONEZ possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

34.     As a part of their regular business practices, the Defendants have intentionally, willfully, and repeatedly violated the FLSA and NJWHL, harming the Plaintiffs and other class members through a consistent pattern or policy of systematic wage violations, demonstrating a conscious disregard for workers' rights under both federal and state law. This pattern and/or policy includes, inter alia, the following:

    a.  failing to pay employees the applicable minimum wage and overtime rate for all time worked in excess of forty (40) hours per week;

    b.  failing to keep accurate records of hours worked by employees as required by the FLSA and NJWHL.

35.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensations. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff and the other class members.

36.     Defendant MEATS AND GREENS MARKET LLC, under Defendants CARMEN MONTALVO and MAURO ORDONEZ's direct supervision and authority, acted in line with the Defendants' interests. This included determining the rate and method of employee compensation and exercising joint control over their employees.

37.     At relevant times, Defendants MEATS AND GREENS MARKET LLC, CARMEN MONTALVO, and MAURO ORDONEZ exercised substantial control over the Plaintiff and other similarly situated employees' working conditions, including, but not

limited to setting work hours, determining pay rates, and enforcing company policies. They also held authority over the policies and practices relating to the employment and compensation of the Plaintiff and all similarly situated individuals referred to herein.

38.    Defendants MEATS AND GREENS MARKET LLC, CARMEN MONTALVO, and MAURO ORDONEZ jointly employed Plaintiff, and all similarly situated individuals They are the Plaintiffs' and all similarly situated individuals' employers as defined by 29 USC 201 et seq. and the NJWHL, which stipulate that an employer is any individual acting directly or indirectly in the interest of an employer in relation to an employee.

39.    Defendants MEATS AND GREENS MARKET LLC, CARMEN MONTALVO, and MAURO ORDONEZ constitute a single employer of the Plaintiff and/or similarly situated individuals. The business divisions between them are fictional, they shared HR functions, common management, interrelation of operations, centralized control of labor relations, and unified wage payment practices and policies.

40.    At all times relevant hereto, Defendants MEATS AND GREENS MARKET LLC, CARMEN MONTALVO, and MAURO ORDONEZ were the Plaintiffs' employers within the meaning of the FLSA, NJWHL, and other applicable laws. Defendants MEATS AND GREENS MARKET LLC, CARMEN MONTALVO, and MAURO ORDONEZ, as the Plaintiffs' employers, exercised their authority and control in various ways. They made hiring and firing decisions. For instance, upon hiring DA SILVA, MONTALVO and ORDONEZ personally outlined the terms of his employment, established his wage rate below legal minimums, and exercised direct control over his work assignments, schedules, and hours. This is substantiated by DA SILVA's work schedules, timesheets, pay stubs, and the detailed job descriptions provided by MONTALVO and ORDONEZ, as well as witness statements from other employees who can corroborate these employment

practices. MONTALVO and ORDONEZ also determined the rate and method of the plaintiff's compensation, as shown in DA SILVA's pay stubs and his wage agreement with MONTALVO AND ORDONEZ. Furthermore, Defendants actively supervised Plaintiffs' work schedules and employment conditions, including direct supervision and instructions given to DA SILVA, as can be substantiated by testimonies from DA SILVA and other employees, as well as email correspondence and memos.

41.    Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NJWHL requirements.

42.    Defendants are willfully aware of and by law are charged with the knowledge that under the FLSA, they are required to pay employees performing non-exempt duties, including the Plaintiff and the other class members, overtime pay at one-and-one-half times the regular rate for work in excess of forty (40) hours per work week,.

43.    At all relevant times, Defendants knowingly, willfully, and systematically failed to pay Plaintiff his lawfully owed wages, including both the statutorily required minimum wage and overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek

44.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

45.    Defendants failed to keep full and accurate records of Plaintiff's hours and wages in violation of 29 C.F.R. § 516.2 and N.J.A.C. 12:56-4.1, as Plaintiff's reported hours and actual hours worked, demonstrating a pattern of willful recordkeeping violations.

 *Plaintiff PAULO DA SILVA*

46.    Plaintiff PAULO DA SILVA was hired by Defendant MEATS AND GREENS MARKET LLC specifically as a butcher, but was regularly required to perform additional tasks outside his agreed-upon job description without additional compensation or proper training, at its business located at 4000 Route 130 Ste 17, Delran, NJ 08075, starting on January 20, 2020, and continuing until May 14, 2025. During the hiring process, DA SILVA was interviewed and given a job offer by Defendants CARMEN MONTALVO and MAURO ORDONEZ. As a butcher, DA SILVA followed a work schedule set by MONTALVO and ORDONEZ, received daily instructions from MONTALVO and ORDONEZ regarding his duties, and was subject to disciplinary actions taken by MONTALVO and ORDONEZ.

47.    Plaintiff was required to work six (6) days per week, from approximately 8:30 A.M. until 9:00 P.M., totaling approximately 75 hours per week. In 2020, Plaintiff was paid approximately $600 per week; in 2022, Plaintiff was paid approximately $650 per week; and during 2024 and 2025, Plaintiff was paid at a rate of $13.00 per hour, amounting to approximately $900 per week. Plaintiff did not receive any tips and was not provided time for a lunch break.

48.    At all relevant times, Defendants willfully and intentionally failed to implement any reliable time-keeping system or maintain accurate and complete records as required by law, despite having the means and capability to do so, in direct violation of 29 C.F.R. § 516.2 and N.J.A.C. 12:56-4.1, thereby preventing accurate recording, documentation, and memorialization of Plaintiff's work hours. This lack of time tracking mechanism not only made it impossible for Plaintiff to verify his hours of work but also enabled the Defendants to avoid paying him accurately for the hours worked.

49.    From May 14, 2020, until December 31, 2020, Plaintiff was paid $8.00 per

hour, which was below the then-applicable New Jersey minimum wage of $11.00 per hour. The underpayment per week was $602.50, and the total underpayment for that period was $19,882.50. From January 1, 2021, until December 31, 2021, Plaintiff was paid $8.00 per hour, the underpayment per week was $707.03, and the total underpayment of that period of time was $36,765.30. From January 1, 2022, until December 31, 2022, Plaintiff was paid $8.67 per hour, the underpayment per week was $552.50, and the total underpayment of that period of time was $28,730.00. From January 1, 2023, until December 31, 2023, Plaintiff was paid $8.67 per hour, the underpayment per week was $657.03, and the total underpayment of that period of time was $34,165.30. From January 1, 2024, until December 31, 2024, Plaintiff was paid $12.00 per hour, the underpayment per week was $499.53, and the total underpayment of that period of time was $25,975.30. From January 1, 2025, until May 14, 2025, Plaintiff was paid $12.00 per hour, the underpayment per week was $532.83, and the total underpayment of that period of time was $10,123.68. The total unpaid wages are $155,642.08, exclusive of statutory liquidated damages and other penalties available under the FLSA and NJWHL.

50.    Defendants willfully and systematically failed to pay Plaintiff overtime compensation at one and one-half times his regular rate for all hours worked beyond forty (40) hours per week, in direct violation of 29 U.S.C. § 207(a) and N.J.S.A. 34:11-56a4.

51.    Defendants willfully violated the Fair Labor Standards Act (FLSA) and New Jersey Wage Payment Law by failing to provide Plaintiff with accurate wage statements for each payment period and written notice of his rate of pay, employer's regular payday, and other statutorily required information, demonstrating a pattern of wage notice violations.

**Defendants' General Employment Practices**

52.     As part of their regular business practices, Defendants willfully and intentionally required the Plaintiffs to work without paying the proper minimum and overtime wages required by law.

53.     As part of their regular business practice, Defendants willfully disregarded and purposefully evaded the record-keeping requirements of the FLSA and NJWHL by intentionally failing to maintain accurate and complete timesheets and payroll records.

54.     By willfully and intentionally employing this practice, Defendants avoided paying the Plaintiff at the overtime rate of time and a half for all of their hours worked in excess of forty (40) hours per week.

55.     Defendants willfully and intentionally failed to fulfill their statutory obligations under 29 C.F.R. § 516.4 and N.J.A.C. 12:56-2.1 by not posting the required wage and hour posters in conspicuous places where employees regularly work. They also did not provide the Plaintiff with statutorily required wage and hour records or statements of pay received. This was done to conceal their violations of wage and hour laws, and to exploit the Plaintiff's relative lack of knowledge of these laws, taking advantage of his vulnerable position as an immigrant worker with limited English proficiency, in violation of New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 et seq., which placed him at a significant disadvantage in understanding and asserting his workplace rights under federal and state law.

56.     Upon information and belief, these practices by Defendants were done willfully, knowingly, and systematically to disguise the actual number of hours Plaintiff worked, to avoid paying Plaintiff properly for (1) his full hours worked, (2) overtime compensation at time-and-a-half as required by law, and (3) the statutory minimum wage, in violation of both federal and New Jersey state law.

16

57.    In violation of N.J.S.A. 34:11-4.6 and 29 U.S.C. § 211(c), Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before January of each subsequent year, a statement in English and the employee's primary language (Portuguese), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office, a mailing address if different; and the telephone number of the employer, as required by law.

**STATEMENT OF CLAIMS**

**COUNT I.**
**[Violations of the Fair Labor Standards Act—Minimum Wage and Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

58.    Plaintiff on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

59.    At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

60. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

61.    The FLSA provides that no employer engaged in commerce shall employ a

covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

62.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of his unpaid minimum wage and overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

63.    Defendants' willful and intentional failure to pay Plaintiff and the FLSA Collective their overtime pay violated the overtime provisions of the FLSA, specifically 29 U.S.C. § 207(a), as demonstrated by their systematic underpayment practices, failure to maintain required records, and deliberate concealment of actual hours worked, warranting liquidated damages under 29 U.S.C. § 216(b) and the maximum statutory penalties available under law.

64.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay minimum wage and overtime compensation at the statutory rate of time and a half to the Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

65.    The FLSA and supporting regulations require employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

66.    Defendants willfully and knowingly failed to notify Plaintiff and FLSA Collective of the requirements of the Fair Labor Standards Act (FLSA), New Jersey Wage

18

and Hour Law (NJWHL), and other relevant employment laws, including failing to post required notices in both English and Portuguese in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

67.    Throughout the relevant time period, Plaintiff and the FLSA collective worked in excess of forty (40) hours per workweek.

68.    At all relevant times throughout their employment, Defendants operated under a policy of willfully and intentionally failing and refusing to pay the Plaintiffs and the FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though the Plaintiff and the similarly situated class members were entitled to receive overtime payments, all in violation of 29 USC § 207 (a)(1).

69.    At all relevant times throughout Plaintiff and the class members' employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

70.    Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 USC § 255(a).

71.    Defendants, in violation of the FLSA and NJWHL, failed to pay Plaintiff DA SILVA his agreed-upon wages, legally required minimum wage, and overtime compensation through their implementation of unlawful withholding policies, time-clock policies, chargeback policies, and systematic manipulation of time records as described herein.

72.    Defendants willfully and intentionally failed to satisfy the FLSA's recordkeeping requirements.

73.    Defendants acted willfully and knowingly in their violations of the FLSA's requirements.

74.    Plaintiff and the class members seek damages in the amount of their unpaid minimum wage and overtime compensation, liquidated damages as provided by both the FLSA and NJWHL, pre-judgment and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper, in an amount to be determined at trial.

**COUNT II.**
**[Violation of New Jersey Labor Law—Minimum Wage and Overtime**
**Pay Brought on behalf of Plaintiff and Rule 23 Class]**

75.    Plaintiff, on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

76.    At all relevant times, Defendants exercised complete control over Plaintiff's employment by hiring him, maintaining mutually agreed upon work schedules with minimum 14 days advance notice, providing detailed written work orders with reasonable timeframes, ensuring transparent disciplinary procedures with mandatory documentation and employee appeals process, and exercising termination authority only with demonstrable just cause, proper written notice, and severance compensation Defendants simultaneously and willfully refused to pay both the statutory minimum wage and overtime compensation at one and one-half (1.5) times the regular hourly rate to which the Plaintiff and the class are entitled under New Jersey and federal law.

77.    Defendants' willful and intentional failure to pay Plaintiff proper wages, while maintaining complete control over work conditions and schedules, demonstrates a clear

absence of good faith and a reckless disregard for their legal obligations under state and federal wage laws.

78.    By reason of Defendants' failure to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid minimum wage and overtime pay, damages for unreasonably delayed payment of wages, liquidated damages equal to 200% of the unpaid wages under NJWHL, or alternatively, 100% liquidated damages under FLSA, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq., and all other available remedies under applicable law*.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and the FLSA Collective Plaintiff and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief: An order authorizing the Plaintiff at the earliest possible time to give notice of this collective action, or alternatively, directing the Court to issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of a court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil action has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages, minimum wages, and other wages under both federal and New Jersey state law;

a)    Certification of this case as a collective action pursuant to FLSA;

b)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this

action, and permitting them to assert timely FLSA claims and state claims in this

action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b),

and appointing the Plaintiff and their counsel to represent the Collective Action

Members;

c)    A declaratory judgment that the practices complained of herein are unlawful

under FLSA and NJWHL;

d)    An injunction against Corporate Defendants, their officers, agents,

successors, employees, representatives, and any and all persons acting in

concert with them as provided by law, from engaging in each of the

unlawful practices and policies set forth herein;

e)    An award of unpaid minimum wages and overtime wages due under FLSA

and NJWHL, plus compensatory and liquidated damages;

f)    An award of liquidated and/or punitive damages as a result of Defendants'

knowing and willful failure to pay wages at least the minimum wage and

overtime compensation pursuant to 29 U.S.C. §216;

g)    An award of liquidated and punitive damages equal to 200% of unpaid

wages as a result of Defendants' willful and knowing failure to pay

minimum wages and overtime compensation, pursuant to N.J.S.A. §

34:11-56a25;

h)    An award of costs and expenses of this action together with reasonable

attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and N.J.S.A. §

34:11-56a25, including all costs of litigation and investigation;

i)    The cost and disbursements of this action;

j)      An award of prejudgment and post-judgment interest at the maximum rate
permitted by New Jersey law; and

k)      Such other and further legal and equitable relief as this Court deems

necessary, just, and proper.

Dated: October 9, 2025

By:      _____
                      Lina Stillman
                **STILLMAN LEGAL, P.C**.
              42 Broadway, 12th Floor
              New York, New York 10004
              Telephone: (212) 203-2417
        *Attorney for Plaintiff* PAULO DA SILVA